[Civ. No. 2816. Second Appellate District, Division One.—May 8, 1920.]

BARR LUMBER COMPANY (a Corporation), Respondent, v. JOY CONSTRUCTION COMPANY (a Corporation), et al., Appellants.

[1] STREET LAW—VROOMAN ACT—DATE OF ACTUAL COMPLETION OF WORK—CONFLICTING EVIDENCE—FINDING—APPEAL.—On appeal from the judgment in an action by a materialman against the sureties on a bond given by a contractor under the Vrooman Act, the appellate court is bound by the finding of the trial court as to the date of actual completion of the work, where that finding was based on conflicting evidence.

[2] ID.—CONTROVERSY OVER WORK—COMPLETION TO SATISFACTION OF STREET SUPERINTENDENT—VERIFIED STATEMENTS BY MATERIALMEN —TIME FOR FILING.—Where a contract for certain street improve-

ments provides that the work is to be done to the satisfaction of the street superintendent and, notwithstanding the specifications call for the wetting down of the curbing for a period of seven days, the street superintendent insists that the specifications require that the cement be wet down for ten days, and the foreman for the contractor acquiesces in the street superintendent's demand to wet it for ten days, and does so, the thirty days within which materialmen must file their verified statements with the street superintendent commences to run from the date of actual completion of the work.

[3] ID.—SUFFICIENCY OF VERIFIED CLAIMS FILED—SURPLUS MATTER IMMATERIAL.—In this action against the sureties on a bond given by a contractor under the Vrooman Act, the verified claims filed with the street superintendent sufficiently complied with the requirements of section 6½ of said act; and such claims were not rendered insufficient by the statement made in each of them "that the said undersigned claims a lien upon any moneys, warrants, or bonds for the said sum aforesaid on account of said material so furnished for said improvement."

APPEAL from a judgment of the Superior Court of Los Angeles County. Dana R. Weller, Judge. Affirmed.

The facts are stated in the opinion of the court.

Newmire & Watkins for Appellants.

Behymer & Craig for Respondent.

CONREY, P. J.—Appeal by the defendants W. R. Hefley and Charles C. Hayes from a judgment entered against them as sureties on a bond given by a contractor under the street improvement law known as the Vrooman Act. (Deering's Gen. Laws, 1915 edition; Act 3930, p. 1714.) The plaintiff sued on a claim for materials furnished by it, and on two assigned claims of a similar nature, all being for materials used by the contractor in performance of the work. After the work had been actually completed, verified statements were filed with the street superintendent of the city of Whittier, with whom the contractor had made his contract, as follows: On May 24, 1916, by the plaintiff; on May 25, 1916, by plaintiff's assignor, A. H. Gregg; and on May 24, 1916, by plaintiff's assignor, C. Forsyth & Son. It is claimed by plaintiff that these notices were filed in conformity with the requirements of section 6½ of said statute.

The street superintendent accepted the work constituting said improvement on the twenty-third day of June, 1916. Additional notices of claim were filed with the street superintendent by the plaintiff and by Gregg on July 21, 1916, and by C. Forsyth & Son on July 28, 1916. As to these July notices, their sufficiency need not be discussed, if the earlier notices were filed within time and in due form.

Appellants claim that all of the notices were filed more than thirty days from the time the improvement was completed, and that therefore, under the terms of said section 6½, they were all filed too late, and that for that reason any right of action on said claims was lost. In the case of *Pacific Sewer Pipe Co.* v. *United States F. & G. Co.*, 32 Cal. App. Dec. 186, [197 Pac. 332], in which the decision of this court has this day been filed, it is held that the thirty days, not later than the end of which the claimant was required to file his statement with the board of public works (street superintendent, in the instant case), begins to run from the date of the actual completion of the work, and not from the date of the acceptance of the work by the board of public works or street superintendent. [Editor's note: For decision of supreme court, on rehearing of *Pacific etc. Co.* v. *United States etc. Co.*, *supra*. See 185 Cal. 515, 197 Pac. 332.] [1] The principal question then is, whether or not the notices filed with the street superintendent on May 24th and May 25th were filed within thirty days from the time the improvement was completed. The finding of the court is that the construction work under the contract was completed on the 25th of April, 1916, and not earlier than that date. Appellants claim that this finding is not supported by the evidence and that, as shown by the evidence, the work was completed not later than April 21, 1916. There is positive testimony that the work of construction, exclusive of what is known as the wetting down process which follows the laying of the cement, was completed on April 15th. It was stipulated by plaintiff's counsel that the specifications called for the wetting down of the curbing for a period of seven days, and that the work was to be done in a good and workmanlike manner and to the satisfaction of the street superintendent of the city of Whittier. At about the time when the work was ready for the wetting down process to begin, a conversation occurred

between Wilson, the contractor's foreman, and Stevens, the street superintendent, in which conversation the superintendent insisted that the specifications required that the cement be wet down for ten days, whereas the foreman contended that they called for seven days. The testimony of the foreman is that he acquiesced in the superintendent's demand to wet it for ten days, and did so; and that he finished the wetting of the curb on April 24th. The street superintendent testified that this work was done up to and including April 25th. [2] On this conflicting evidence we must accept the court's finding that the work was completed on and not before April 25th, unless we accept appellant's contention that the last three days of the wetting down process are not to be considered as a part of the completion of the contract, and that therefore the work must be held to have been completed at least as early as April 22d. But with this contention we do not agree. Since the work was to be done to the satisfaction of the street superintendent, and since there was a controversy between the parties as to what would constitute a sufficient wetting down process to make the work satisfactory, and since that controversy was actually settled by continuance of the work for the period required by the street superintendent in order to make the work satisfactory to him, it is our opinion that the work should not be deemed to have been completed until the twenty-fifth day of April. This being so, the notices of May 24th and May 25th were filed with the street superintendent within due time.

Finally, it is contended that the first set of notices and claims filed did not comply with the requirements of section 6½ of the statute, because the form of verification in each of the claims was defective in that the verified statements did not contain an allegation that the plaintiff's claim, or some part thereof, has not been paid, and did not show when the various items of materials were furnished. It is also claimed that the Barr Lumber Company's claim was defective in that the affidavit of verification does not show that the verification was made by O. H. Barr on behalf of the corporation; also that the claims do not purport to hold the bondsmen responsible. The Barr Lumber Company's claim was signed, "Barr Lumber Company, By O. H. Barr, President." The affidavit of verification is signed "O. H. Barr,"

and the said O. H. Barr, "being first duly sworn, deposes and says that he is the president of the Barr Lumber Company, the corporation claimant above named; that he has read the foregoing claim and that the facts therein stated are true." In each of the other claims the affiant, who was one of the claimants, stated in his affidavit of verification that he had read the foregoing claim, "and that the facts therein stated are true." In each of the claims a statement of the demand was made and that the amount so claimed "is now due, owing and unpaid." The plaintiff's claim further stated that of the total amount which the contractor had agreed to pay for the materials furnished, "no part of the same has been paid," except a stated sum. The other claims filed specifically stated "that no part of the same has been paid." We think that these statements of the verified claims were sufficient to comply with the requirements of the statute. We further hold, contrary to the contention of appellants, that these claims as filed were not rendered insufficient by the statement made in each of them "that the said undersigned claims a lien upon any moneys, warrants, or bonds for the said sum as aforesaid on account of said material so furnished for said improvement." Conceding that the last-quoted words were not required to be in the notice, we cannot see that appellants, sureties on the contractor's bond, could have been in any manner misled or otherwise prejudiced thereby.

The judgment is affirmed.

James, J., concurred.

Shaw, J., concurred in the judgment.